# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY BELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 17-cv-1301-JPG |
| | ) |
| WEXFORD and | ) |
| RALPH JOHNNIE, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center ("Centralia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims of deliberate indifference to medical needs (broken tooth and associated pain). The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

1

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On Saturday, June 17, 2017, Plaintiff's tooth "broke off" while Plaintiff was eating ice. (Doc. 1, p. 7). Plaintiff asked a correctional officer to contact the healthcare unit. *Id.* After contacting the healthcare unit and relaying the problem to individuals at the healthcare unit, the officer advised Plaintiff he could not be seen by a dentist without completing a healthcare request. *Id.* Plaintiff immediately submitted the request. *Id.*

On Sunday, June 18, 2017, when Plaintiff did not receive a response to his healthcare request, he spoke to another correctional officer. (Doc. 1, p. 8). The officer told Plaintiff that there was not a dentist on duty over the weekend and Plaintiff would have to wait until Monday. *Id.* Plaintiff submitted a second healthcare request slip, labeling it a "dental emergency" on Wednesday June 21, 2017. (Doc. 1, p. 9).

According to the Complaint, Johnnie, the dentist at Centralia, received Plaintiff's original healthcare request on Tuesday, June 20, 2017. (Doc. 1, p. 9). Plaintiff additionally alleges that Johnnie received the second healthcare request on Thursday, June 22, 2017. *Id.* Nonetheless, Johnnie did not respond to the request until Monday, June 26, 2017. *Id.* It appears that, at that time, Johnnie extracted Plaintiff's broken tooth and provided pain medication. (Doc. 1, p. 10).

Between Saturday, June 17, 2017, and Monday, June 26, 2017, Plaintiff was in excruciating pain and was unable to eat or sleep properly. (Doc. 1, pp. 8-10). Plaintiff did not receive any treatment, including pain medication, until Monday June 26, 2017. *Id.*

Plaintiff contends that Johnnie exhibited deliberate indifference to his serious medical need by ignoring his healthcare requests and delaying treatment until Monday, June 26, 2017. (Doc. 1, pp. 9-10). Plaintiff alleges that Wexford is liable for deliberate indifference because it maintained a policy or practice of not providing any dental services to inmates Friday through Sunday, and on holidays. *Id.*

## Discussion

**Count 1 –** Deliberate indifference claim against Johnnie for the delayed treatment of Plaintiff's broken tooth and associated pain, in violation of the Eighth Amendment.

**Count 3 –** Deliberate indifference claim against Wexford for maintaining a policy or practice of not providing dental services to inmates Friday through Sunday, and on holidays, in violation of the Eighth Amendment.

## Count 1

To state a claim for deliberate indifference to medical care, a prisoner must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Jackson v. Ill Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

The Seventh Circuit has observed that there is no "precise metric to assess when a plaintiff's medical need is sufficiently serious." *Green v. Pollard*, 335 F.App'x. 612, *2 (7th Cir. 2009). However, the objective standard typically encompasses conditions that have been

diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Dental care is recognized as being "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). "Objectively serious" dental needs may include a dental condition that causes the inmate to suffer other health problems, like extreme pain, bleeding, infection, or problems eating. *Id.* at 593 (citations omitted). The broken tooth and associated pain that Plaintiff describes in the Complaint are sufficiently serious to satisfy the objective component of this claim at screening.

In order to satisfy the subjective component of the claim, the Complaint must also "demonstrate that prison officials acted with deliberate indifference." *Greeno*, 414 F.3d at 653 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference is shown when an official "know[s] of and disregard[s] an excessive risk to inmate health" by being " 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' " and by " 'draw[ing] the inference.' " *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence, or even gross negligence, does not support a deliberate indifference claim. *Id.*

Delays in treating a medical condition may amount to deliberate indifference where the delay causes an inmate to suffer unnecessary pain or causes his health to deteriorate. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The allegations suggest that, despite being aware of Plaintiff's condition on June 21, 2017, Johnnie delayed treatment of Plaintiff's broken tooth until June 26, 2017, resulting in unnecessary pain. In light of these allegations, Count 1 cannot be dismissed against Johnnie at screening.

## Count 2

To maintain a § 1983 action against a private corporation, a plaintiff must demonstrate that a constitutional deprivation occurred as the result of a policy or practice of the corporation. *Id*. Plaintiff contends that Wexford is liable under § 1983 because his treatment was delayed, in part, because Wexford maintained a policy or practice of not providing inmates with dental care on Fridays, Saturdays, Sundays, and holidays. This is sufficient, at the screening stage, to allow Count 2 proceed as to Wexford.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to Defendant **JOHNNIE.**

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to Defendant **WEXFORD.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **JOHNNIE** and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 18, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**
