IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICKY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1301-JPG-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Reconsideration of the Court's Scheduling Order (Doc. 64) filed by Plaintiff. Defendant filed a Response (Doc. 65). Plaintiff filed a Reply (Doc. 66).

Plaintiff Ricky Bell, an inmate incarcerated at Lincoln Correctional Center, brings this action for deprivations of his constitutional rights while at Centralia Correctional Center ("Centralia") pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants were deliberately indifferent to his dental care. Plaintiff is currently proceeding on the following claims:

Count 1 – Deliberate indifference claim against Johnnie for the delayed treatment of Plaintiff's broken tooth and associated pain, in violation of the Eighth Amendment.

Count 2 – Deliberate indifference claim against Wexford for maintaining a policy or practice of not providing dental services to inmates Friday through Sunday, and on holidays, in violation of the Eighth Amendment.

On February 26, 2018, the Court entered a Scheduling and Discovery Order setting a deadline for motions for leave to amend of June 26, 2018 (Doc. 25). The Court also set a

discovery deadline of March 24, 2019 and a dispositive motion deadline of April 24, 2019.

Plaintiff asks the Court to reconsider the deadline to file a motion for leave to amend because he would like to amend his complaint to add an additional staff member from the dental department and to add a claim challenging the soundness of *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Plaintiff argues that because he has been transferred to multiple institutions, he has only recently been able to conduct meaningful legal research and learned that he needed to amend his Complaint. Plaintiff was last transferred on March 14, 2018 to Lincoln Correctional Center.

Defendants argue that Plaintiff should not be allowed to amend his Complaint at this stage because it is more than seven months after the deadline to file a motion for leave to amend, discovery closes in less than two months, written discovery has been propounded, Plaintiff's deposition has occurred, and Plaintiff has already filed a Motion for Summary Judgment, to which Defendants have responded. Defendants assert allowing an amended complaint at this stage would require additional discovery and would delay the proceedings. Defendants also assert, although Plaintiff has not submitted his proposed amended complaint, the new claim against a new Defendant as referenced in his Motion for Reconsideration is futile. Defendants incorporate by reference their response to Plaintiff's Motion for Summary Judgment.

Federal Rule of Civil Procedure 15(a) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

The Scheduling Order (Doc. 25) entered in this case set a deadline of June 26, 2018 for motions for leave to amend to be filed. Plaintiff filed his motion for reconsideration of the scheduling order more than seven months after the deadline to file a motion for leave to amend and less than two months before the deadline to complete discovery. Plaintiff fails to set forth any sufficient reason for the delay. The Court notes Plaintiff's last transfer was in March 14, 2018. Furthermore, allowing Plaintiff to amend his complaint to add a new Defendant and new claims at this stage would unduly prejudice Defendants. The Court finds undue delay and unfair prejudice and declines to reconsider the deadline to file motions for leave to amend.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 64) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 20, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**